**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 30 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID K. REES; REES &
ASSOCIATES, P.C., a Colorado
Professional Corporation,

     Plaintiffs - Appellants,

v.

GERALD DAHL; BARBARA GREEN;
ROBERT QUILLIN, in his individual
capacity; STUART PACK; DARRELL
WAAS,

     Defendants - Appellees.

No. 99-1349
(D. Colorado)
(D.C. No. 99-N-86)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **BRISCOE** and **GARTH**,[**] Circuit Judges

---

     Plaintiffs-Appellants David Rees and Rees & Associates, P.C. (collectively

"Rees") appeal the dismissal of their civil rights claims brought under 42 U.S.C. § 1983.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

---

     [*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

     [**]Honorable Leonard I. Garth, United States Circuit Judge, United States Court of
Appeals for the Third Circuit, sitting by designation.

The district court dismissed Rees' Second Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. We review a dismissal under Rule 12(b)(6) de novo.[1] Sutton v. Utah State School for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). We will uphold such a dismissal "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." Yoder v. Honeywell Inc., 104 F.3d 1215, 1224 (10th Cir. 1997).

# I

David Rees is a lawyer in practice in Denver, Colorado. He is the sole shareholder of Rees & Associates, P.C. From 1985 through 1996, Rees was legal counsel for the Rocky Mountain Low-Level Radioactive Waste Board ("Board"). The Board was formed pursuant to the Rocky Mountain Low-Level Radioactive Waste

---

[1] Rees' initial Complaint was amended as of right in accordance with Fed. R. Civ. P. 15 on February 2, 1999. Rees moved for permission to file a Second Amended Complaint on March 25, 1999, but the district court never formally ruled on the motion. (App. 212-14; Pls' Opening Br. at 2.) The district court did, however, refer solely to Plaintiffs' proposed Second Amended Complaint in dismissing Rees' claims. (Supp. App. 10, 34.) It appears, therefore, that the district court adopted Plaintiffs' Second Amended Complaint without formally granting Plaintiffs' motion for leave to amend. In order to avoid unnecessary confusion, and because the Second Amended Complaint is the most thorough of all Rees' pleadings, all references to Rees' pleadings herein will be to his Second Amended Complaint.

Compact ("Compact"), an interstate compact between Colorado, New Mexico, and Nevada to regulate the disposal of low-level radioactive waste. The Board is composed of a representative of each member state. The Colorado representative is appointed by the Governor with approval of the state Senate. Rees alleges that he resigned as Board counsel because he believed that the Board was overpaying its executive director, Leonard Slosky, and Slosky's private consulting company, and that Rees had a conflict of interest concerning this issue because he also represented Mr. Slosky and his company in other matters. (Second Amended Compl. ¶ 39, App. 141.)

Rees further alleges that after he resigned as Board counsel, he engaged in protected First Amendment activity by publicly criticizing the Board regarding certain internal management issues and the Board's position with respect to the on-site disposal of radioactive waste at the Shattuck Chemical Company superfund site in Denver. Rees' activity involved participating in public meetings and writing letters to the media and the Governor of the State of Colorado. These activities came to a head in September, 1998, when Rees appeared at a public hearing before the Board and submitted written comments and exhibits to the Board regarding issues surrounding the Shattuck site. (Second Amended Compl. ¶¶ 105-107, App. 158.)

At the same time, Rees was also accusing the Board, or certain members thereof, of fraud and breach of fiduciary duty. (Second Amended Compl. ¶¶ 111, 114, 117, 119, App. 159-63.) He submitted documents in support of these contentions to the Board and

to the Governor in October, 1998. (Second Amended Compl. ¶ 120, App. 163.)

A citizens' group opposed the on-site disposal of radioactive waste at the Shattuck site. Rees, who represented the group, filed a class-action lawsuit on October 9, 1998, seeking declaratory relief and alleging that the burying of waste on the Shattuck site violated the Compact. (Second Amended Compl. ¶ 118, App. 162.) In his Second Amended Complaint, Rees alleges that as a result of his public criticism of the Board and of his filing of the class-action lawsuit, the Defendants entered into a conspiracy under color of state law to retaliate against him for his First Amendment activities. Specifically, Rees alleges that the Defendants' replevin action, which the Board filed against him on November 4, 1998 and which sought possession of the Board's files generated during his tenure as the Board's legal counsel, had been brought in retaliation for his opposition to the Board.[2]

Rees had filed his action against Robert Quillin, the Colorado representative and Chairman of the Board, Leonard Slosky, the Executive Director of the Board, and four

---

[2] Rees also alleges that Defendants unconstitutionally retaliated against him by conspiring to file a grievance against him with the Colorado disciplinary counsel. This claim is without merit. By Rees' own admission, defendant Green only requested that disciplinary counsel mediate the dispute over file ownership between Rees and the Board. (Second Amended Compl. ¶ 128, App. 165.) The disciplinary counsel then took the unilateral step of treating the request to mediate as a formal request for investigation under Colorado law. (Second Amended Compl. ¶ 129, App. 165.) As with the filing of the replevin action, Rees has failed to allege that the commencement of the grievance proceeding would have chilled an ordinary person's exercise of their right to free speech. His claim regarding the grievance procedure was therefore properly dismissed under Fed. R. Civ. P. 12(b)(6).

private attorneys who represented the Board in connection with its replevin action against Rees: Barbara Green, Gerald Dahl, Stuart Pack, and Darrell Waas (collectively "Defendants").[3]

While Rees initially claimed that the Board's request for client files was overbroad, he does not dispute that the Board, as his former client, was entitled to the return of its files under Colorado law. Indeed, according to Rees' Second Amended Complaint, approximately three weeks after the replevin action was filed and one week after a show cause hearing, Rees and the Board reached an agreement regarding the files, which Rees agreed to turn over to the Board. (Second Amended Compl. ¶ 134, App. 166.) The Board voluntarily dismissed its replevin action.

Rees filed the instant action against the Defendants on January 13, 1999, after the agreement to return the files was reached, but before the Board voluntarily dismissed its replevin action. In his Second Amended Complaint, Rees asserted the following claims against Defendants: (1) deprivation of civil rights under 42 U.S.C. § 1983; (2) fraud; (3) civil conspiracy; and (4) abuse of process. Defendants responded by filing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

At a hearing on the motions to dismiss, the district court dismissed Rees' § 1983 claim on its merits, and dismissed the remaining state law claims for want of subject

---

[3] After the filing of this appeal, Rees moved to dismiss Leonard Slosky as a defendant. This court granted that motion on October 24, 2000.

matter jurisdiction. (Supp. App. 35.) More specifically, the district court dismissed Rees' § 1983 claim on the grounds that Rees failed to allege specific facts showing that the filing of a replevin action actually chilled the exercise of his First Amendment rights.[4] In reaching its decision, the district court relied on the Second Circuit's opinion in Spear v. Town of West Hartford, 954 F.2d 63, 67-69 (2d Cir. 1992), which held that a First Amendment retaliation claim required a showing of actual, *subjective* chilling of a plaintiff's willingness to exercise their First Amendment rights. (Italics added.)

Rees filed a Notice of Appeal on August 6, 1999. After full briefing by both parties, this court ordered supplemental briefing on a number of questions, including, among others, whether Rees stated a claim for relief under Worrell v. Henry, 219 F.3d 1197 (10th Cir. 2000), rather than under Spear, supra, and whether the filing of a civil

---

[4] The district court did not address the first requirement of a § 1983 claim: whether the Defendants acted under color of state law. Because we find that Rees' claims fail for other reasons, we will refrain from entertaining a state actor analysis here.

The district court also did not discuss in detail any of Rees' non-First Amendment claims under § 1983, namely that Defendants deprived him of his constitutional rights to equal protection of the laws, procedural and substantive due process, and privacy. (Second Amended Compl. ¶ 160, App. 173.) Instead, the district court dismissed all of Plaintiffs' constitutional claims by stating in its Order that "Plaintiffs' claims asserting violation of rights protected by the United States Constitution and federal statutory law are dismissed for failure to state a claim upon which relief can be granted." (App. 189.) Rees, for his part, made no substantive allegations in support of these non-First Amendment claims. We nevertheless reviewed Rees' Second Amended Complaint independently and, despite the minimal pleading standard of our de novo review under Rule 12(b)(6), we are satisfied that the district court was correct in dismissing Rees' non-First Amendment § 1983 claims for failure to state a claim upon which relief can be granted.

lawsuit in state court by a state actor constitutes petitioning activity under the First Amendment.

**II**

Although we agree with the district court's ultimate conclusion that Rees' complaint should be dismissed for failure to state a claim upon which relief can be granted, we rely on our own standard, announced in <u>Worrell</u> (objective chilling), rather than the Second Circuit's standard announced in <u>Spear</u> (subjective chilling). In <u>Worrell</u>, we expressed our own three-part standard for evaluating First Amendment retaliation claims, which differs from the standard articulated by the Second Circuit in <u>Spear</u>. Whereas <u>Spear</u>'s standard focuses on a *subjective* chilling, <u>Worrell</u>, which binds us, provides for an *objective* standard. In order to establish First Amendment retaliation under <u>Worrell</u>, a plaintiff must prove:

> (1) that the plaintiff "was engaged in constitutionally protected activity"; (2) that the defendant's actions caused the plaintiff "to suffer an injury that would chill *a person of ordinary firmness* from continuing to engage in that activity"; and (3) that the "defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct."

<u>Id.</u> at 1212 (emphasis added).

Rees' Second Amended Complaint must be dismissed under Rule 12(b)(6) for failing to allege that the Defendants' activities would have chilled a person of ordinary firmness from exercising their First Amendment rights.

Rees' Second Amended Complaint alleges only that he "incurred economic damages."[5]  (Second Amended Compl. ¶ 162, App. 174.)  He does not allege that Defendants attempted to interfere with his ability to speak freely, or that he refrained from engaging in protected speech after Defendants filed their replevin action.[6]  These circumstances, without an explicit allegation that a person of ordinary firmness would have been chilled by Defendants' actions, are insufficient to satisfy Worrell's objective chilling standard,[7] see Smith v. Plati, 258 F.3d 1167, 1177 (10th Cir. 2001) (upholding a motion to dismiss a § 1983 plaintiff's First Amendment retaliation claim under Worrell because defendants did not, nor did they have the power to, interfere with plaintiff's

---

[5] We cannot agree that economic hardship by virtue of having to defend against a valid (not to mention successful) replevin action would chill a member of the bar from continuing to exercise his or her First Amendment rights.  Among other things, Rees does not contend that he suffered or will suffer future economic damages or that his future earning potential was compromised by the Defendants' activities.

[6] Indeed, the Defendants take pains to point out that not only was Rees' speech not "chilled," but that after the events of which he complains, Rees wrote a letter to Governor Owens of Colorado, requesting that Robert Quillin be replaced as the Colorado representative to the Board.  (Second Am. Compl. ¶ 156, App. 171.)  Rees' own allegations reveal that he continued to engage in First Amendment activities, and was not precluded from doing so by the Defendants' actions.

[7] Because we conclude that Rees' Second Amended Complaint must be dismissed for failure to state a claim, we do not reach or decide the Defendants' possible defenses of qualified immunity or their First Amendment right to petition.  In addition to being unnecessary in light of our evaluation of Rees' pleadings, we also note that these defenses are premature at this stage of the proceedings, as Defendants have neither filed an answer to Rees' Second Amended Complaint nor performed any discovery in support of these positions.  (Appellant's Supp. Br. at 9; Appellant's Supp. Reply Br. at 9.)

actual First Amendment activity, and because plaintiff persisted in speaking out despite the defendants' alleged retaliatory acts), or indeed even <u>Spear</u>'s standard, as the district court ruled.

**III**

Because Rees' pleadings do not satisfy <u>Worrell</u>'s objective chilling standard , we find that the district court was correct to dismiss Rees' Second Amended Complaint for failure to state a claim under Rule 12(b)(6).

The District Court's decision is therefore AFFIRMED.

Entered for the Court


Leonard I. Garth
Circuit Judge